```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

WALLACE R. SCHROM,

                       Petitioner,

  -vs-

THE PEOPLE,

                       Respondent.

**DECISION AND ORDER**
**No. 11-CV-0104(MAT)**

_____

**I.  Introduction**

Wallace R. Schrom ("Schrom" or "Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Schrom is incarcerated pursuant to a judgment of conviction entered on March 6, 2007, in Ontario County Court of New York State, following a guilty plea to one count of Burglary in the Second Degree (New York Penal Law ("P.L.") § 140.25(2)).

**II. Factual Background and Procedural History**

On December 4, 2005, Schrom and his friend Wayne Hickson ("Hickson") drove to the apartment building where Schrom used to live in Farmington, New York. Without permission, they entered the apartment of Thomas Ninos ("Ninos"), which was empty. Schrom bore

a grudge against Ninos for having vandalized his property when they were neighbors, and Hickson was angry at Ninos for past insults. Schrom took Ninos' clothes and put them in a bag, and Hickson took several personal items of Ninos'. Schrom and Hickson then drove to a creek and threw Ninos' belongings into the water. Schrom and Hickson[1] were subsequently arrested.

After waiving his rights under Miranda v. Arizona, 384 U.S. 486 (1966), Schrom gave a statement to the police detailing both his and Hickson's criminals actions with regard to Ninos. See Respondent's Exhibit ("Resp't Ex.") A at 1-3, submitted in connection with Respondent's Answer to the Petition.

On February 13, 2007, directly before the commencement of a suppression hearing to determine whether Schrom's statement to the police would be admissible at trial, Schrom elected to plead guilty to second degree burglary in exchange for a sentence of five years of imprisonment, to be followed by five years of post-release supervision, and payment of restitution.

In response to the court's questions, Schrom stated that he had discussed the matter with his counsel, was satisfied with counsel's advice, was in good physical and mental health, and was

---

[1] On April 13, 2007, Hickson pled guilty to attempted second-degree burglary (P.L. §§ 110/140.25(2)) and was sentenced to a prison term of two years, followed by three years of post-release supervision, and was ordered to pay restitution in the amount of $3,300. He did not appeal his conviction.

not under the influence of alcohol, prescription medication or any other substance that might affect his ability to understand the proceedings. P.3-4.[2]

The court informed Schrom of the constitutional rights he was giving up by pleading guilty, including the right to remain silent, have an attorney represent him free of charge, and proceed to a jury trial where he could confront the witnesses against him, present evidence on his own behalf, and hold the prosecution to its burden of proof. P.4. Schrom stated that he understood that he was waiving these rights, and told the judge that no one had promised him anything and had not threatened, forced, or coerced him into pleading guilty. P.4-5. Schrom stated that he understood that pleading guilty would result in a violent felony record which could form the basis of more serious penalties if he were convicted of other crimes in the future. Schrom confirmed his understanding that a conviction following a guilty plea is the legal equivalent of a guilty verdict returned by a jury. P.5-6.

Defense counsel then announced that she would withdraw her motion for a suppression hearing, after which the following colloquy ensued between the judge and Schrom:

> THE COURT: [I]s it your claim that the police have taken anything
> from you in violation of your constitutional rights; any statement,

---

[2] Citations to "P.___" refer to pages from the transcript of Schrom's plea proceeding.

>   confession, or physical evidence?
>   (OFF-RECORD ATTORNEY/CLIENT DISCUSSION HELD.)
>   [PETITIONER]: Your Honor, I do believe that my rights were violated, but I do not feel that I can be successful at a hearing. That is why I'm accepting this plea.
>   . . .
>   THE COURT: [In] [w]hat respect do you believe your rights have been violated?
>   [PETITIONER]: I was threatened to be arrested if I was not told what they want to hear.
>   THE COURT: All right. So that was with regard to the statement
>   you made?
>   [PETITIONER]: Yes, sir.
>   THE COURT: However, your lawyer's withdrawn the application to have the statement suppressed, so may I assume that although that is your feeling, that after discussing the matter with your attorney, you are not asserting that your constitutional rights have been violated at this juncture; is that true?
>   (OFF-RECORD ATTORNEY/CLIENT DISCUSSION HELD.)
>   [PETITIONER]: Yes, sir.
>   THE COURT: Is that true, sir?
>   [PETITIONER]: Yes, sir.

P.6-7.

On March 6, 2007, Schrom was sentenced, as a second felony offender, to the promised prison term of five years, to be followed by five years of post-release supervision. The judge also ordered Schrom to pay restitution in the amount of $277.00, and issued an order of protection against Schrom in favor of Ninos.

On March 20, 2009, the Appellate Division, Fourth Department, of New York State Supreme Court, unanimously affirmed the conviction, holding that Schrom had failed to preserve his claim regarding the order of protection. People v. Schrom, 60 A.D.3d 1378 (4th Dept. 2009), lv. denied, 12 N.Y.3d 920 (2009).

On November 30, 2009, Schrom moved pro se to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, asserting the following three claims: (1) his plea was not voluntary and intelligent; (2) his statement to the police was coerced; and (3) trial counsel provided ineffective assistance. On December 23, 2009, the trial court denied the motion pursuant to C.P.L. § 440.10(2)(c), because the issues could have been raised on direct appeal but unjustifiably were not. In addition, the trial court held, the transcripts of the plea and sentencing hearings demonstrated that Schrom's arguments were without merit. On March 19, 2010, the Appellate Division denied leave to appeal.

Schrom next filed a pro se application for a writ of error coram nobis, arguing appellate counsel had provided ineffective assistance because she failed to raise any of the issues asserted in his C.P.L. § 440.10 motion to vacate judgment or any meritorious issues at all. He attached as an exhibit a letter from his appellate counsel stating that the only colorable issue for appeal concerned the order of protection, which was unlikely to succeed. (That was the only issue ultimately raised by appellate counsel on appeal, and it was unsuccessful.) The Appellate Division denied relief, and Schrom did not appeal to the New York Court of Appeals, although he was statutorily required to do so in order to complete

one full round of appellate review with regard to the issues raised in the coram nobis application.

This timely habeas petition followed in which Schrom raises the following grounds for relief: (1) his conviction was based on a coerced confession, which Schrom signed without his counsel present in violation of his right against self-incrimination; (2) the evidence was obtained pursuant to an unlawful arrest;(3) the indictment was invalid because the grand jury was improperly selected and impaneled; and (4) the grand jury improperly considered Schrom's illegally-obtained statement.

For the reasons that follow, the request for a writ of habeas corpus is denied, and the petition is dismissed.

### III. Analysis of the Petition

**A.   Unconstitutionally Obtained Confession**

Schrom claims, as he did in his motion to vacate the judgment, that his statement to police was coerced. He also asserts that when he signed the confession, he was represented by counsel whose presence he could not properly waive. The C.P.L. § 440.10 court denied this claim as mandatorily barred pursuant to C.P.L. § 440.10(2)(c), and held, in the alternative, that it was without merit. Respondent argues that Schrom's contentions concerning his statement are barred from habeas review by an adequate and independent state law ground (i.e., C.P.L. § 440.10(2)(2)(c)), and

are foreclosed from habeas review by his knowing, voluntary, and intelligent guilty plea.

It is well established that a defendant who enters a counseled and voluntary guilty plea thereby waives his right to appeal constitutional defects in criminal proceedings occurring before the guilty plea:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996).

During the colloquy, Schrom explicitly stated that he was choosing to plead guilty because he did not believe that he would be able to have his confession excluded. The judge advised Schrom to confer with his counsel, and after doing so, Schrom explicitly withdrew his challenge to the statement and proceeded to plead guilty to second degree burglary.

Schrom does not challenge either the voluntary, intelligent, and knowing nature of his guilty plea, or the effectiveness of counsel's assistance during plea proceedings. His contention that his confession was coerced and obtained in the absence of his

counsel does not relate to the validity of his guilty plea and thus is waived pursuant to Tollett, 411 U.S. at 267.

In light of the Court's agreement with Respondent that the claims pertaining to Schrom's confession are foreclosed by his valid guilty plea, the Court need not address Respondent's alternative argument regarding procedural default.

### B.   Unlawful Arrest

Schrom summarily asserts, for the first time in his habeas petition, that the police obtained the evidence against him pursuant to an unlawful arrest. Respondent argues that the unlawful arrest claim is unexhausted but should be deemed exhausted and procedurally barred because Schrom failed to raise it on direct appeal in constitutional terms, and now has no possible avenue of redress in state court. See Grey v. Hoke, 933 F.2d 117, 120-121 (2d Cir. 1991). Respondent asserts that Schrom has not attempted to show cause for his default, prejudice resulting therefrom, or that a constitutional violation has resulted in the conviction of someone who is actually innocent. See Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001). Furthermore, Respondent argues, Schrom's unlawful arrest claim is barred by his valid guilty plea, as well as barred pursuant to the doctrine of Stone v. Powell, 428 U.S. 465, 482 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a contention

that evidence recovered through an illegal search or seizure was introduced at trial).

As explained above, this Court may not consider Schrom's Fourth Amendment claim. He is barred, by his knowing, voluntary, and intelligent guilty plea, from asserting "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the [ ] plea." Tollett v. Henderson, 411 U.S. at 267. Schrom may only challenge "the voluntary and intelligent character" of the plea, id., which he does not do in his petition. In any event, the record amply demonstrates the validity of Schrom's plea. See P.3-6, 7-8.

Because the Court concurs with Respondent that the claims pertaining to Schrom's arrest are foreclosed by his valid guilty plea, the Court need not address Respondent's alternative arguments regarding exhaustion and procedural default, and the preclusive effect of Stone v. Powell.

**C.   Errors in the Grand Jury Proceeding**

Schrom asserts for the first time in his habeas petition that the indictment was invalid because the grand jury was improperly impaneled and was improperly permitted to consider his allegedly unconstitutional statement to police. Respondent argues that these claims are unexhausted but should be deemed exhausted and procedurally barred. See Grey v. Hoke, 933 F.2d at 120-121; Aparicio v. Artuz, 269 F.3d at 89-90. Respondent also contends that

Schrom's challenges to the indictment are barred by his guilty plea and, moreover, not cognizable on federal habeas review. See Tollett, 411 U.S. at 266 (holding that habeas petitioner's guilty plea here foreclosed independent inquiry into the claim of discrimination in the selection of the grand jury because "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity"); Hutchings v. Herbert, 260 F. Supp.2d 571, 578 (W.D.N.Y. 2003) ("Since Hutchings admitted to all of the factual elements of the charge against him by entering a plea of guilty, any error in the proceeding which led to his indictment is rendered harmless and is not amenable to habeas review.") (citing, inter alia, Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989)).

As explained above, this Court may not consider Schrom's arguments concerning the indictment and grand jury proceeding because they are barred by his knowing, voluntary, and intelligent guilty plea, which prevents him from asserting "independent claims relating to the deprivation of constitutional rights that occurred" before the plea. Tollett v. Henderson, 411 U.S. at 267. Petitioner does not now challenge "the voluntary and intelligent character" of his guilty plea, the validity of which is evident on the record before this Court. See P.3-6; 7-8.

Because the Court agrees with Respondent that the claims pertaining to the grand jury proceeding and the indictment are foreclosed by Schrom's valid guilty plea, the Court need not address Respondent's alternative arguments for dismissing these claims.

**IV. Conclusion**

For the foregoing reasons, Walter R. Schrom's request for a writ of habeas corpus is denied and the petition (Dkt. #1) is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 26, 2012
         Rochester, New York